IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal No. 1:05-CR-67 |
| v. : | |
| : | (Chief Judge Kane) |
| MOHAMMED EL AMIN, : | |
| Petitioner : | |
| : | |

## MEMORANDUM

Before the Court is Petitioner Mohammed El Amin's pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. (Doc. No. 69.) The Government has filed a brief in opposition to the motion (Doc. No. 74), to which El Amin has not responded within the briefing period. As such, the motion is ready for disposition. For the reasons discussed below, the motion will be denied.

**I.     BACKGROUND**

On February 9, 2005, a federal grand jury issued an indictment charging El Amin with five drug and gun related counts: possession of a firearm in furtherance of drug trafficking (18 U.S.C. § 924(c)); possession with intent to distribute five grams or more of cocaine base (18 U.S.C. § 841(a)(1)); possession with intent to distribute heroin (18 U.S.C. § 841(a)(1)); possession with intent to distribute marijuana (18 U.S.C. § 841(a)(1)); and possession of a firearm by a felon (18 U.S.C. § 922(g)). (Doc. No. 1.) On February 22, 2005, El Amin made his initial appearance before Magistrate Judge J. Andrew Smyser, during which hearing Attorney Rex Bickley was appointed as counsel. (Doc. No. 8.) Also on this date, El Amin entered a plea of not guilty. (Doc. No. 11.)

Subsequently, on May 25, 2005, the Government filed an "Information Charging Prior Felony Conviction" that listed six prior felony convictions for El Amin (Doc. No. 30) and a

signed plea agreement (Doc. No. 31).  On June 1, 2005, El Amin pleaded guilty to Count 5 of the indictment which charged him with possession of a firearm by a felon in violation of 18 U.S.C. § 922(g).  (Doc. Nos. 31, 48.)  The written plea agreement stated that the maximum period of imprisonment for this offense was life, and that a fifteen-year mandatory minimum applied.  (Doc. No. 31, at 2, 3.)  During the guilty plea colloquy, the Court informed El Amin: "There's a huge penalty that goes with this, this offense to which you're going to plead guilty.  We're talking a minimum of 15 years, so it's a pretty important decision for you."  (Doc. No. 48, at 13-14.)  The Government then reiterated the mandatory minimum stating:  "[W]hen you plead guilty to Count 5, you're also going to be admitting that at the time that you possessed this firearm, that you had three predicate offenses that we'll go through . . . which is a 15-year mandatory sentence."  (Id. at 17.)  El Amin than stated that he was aware that the sentence in this case would probably be between fifteen to twenty years.  (Id. at 25.)

El Amin appeared before the Court again on September 23, 2005, and claimed he did not trust his attorney and would possibly like to discuss withdrawing his guilty plea. (Doc. No. 65, at 2.)  The Court permitted Attorney Bickley to withdraw as counsel and appointed Federal Public Defender Thomas Thorton to represent El Amin.  (Doc. Nos. 49, 50.)   At this time, El Amin was allowed an opportunity to withdraw his guilty plea, but he did not wish to do so. (Doc. No. 65, at 4.)  Finally, at sentencing on October 31, 2005, El Amin, with counsel present, again chose to stand by his guilty plea and signed plea agreement.  (Doc. No. 64, at 10-11.)

## II.     STANDARD OF REVIEW

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence on the grounds that:

> the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . .

28 U.S.C. § 2255.  However, § 2255 does not afford a remedy for all errors that may have been made at trial or sentencing.  United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993).  "The alleged error must raise 'a fundamental defect which inherently results in a complete miscarriage of justice.'"  Id. (quoting United States v. Addonizio, 422 U.S. 178, 185 (1979)).  Furthermore, § 2255 generally limits a federal prisoner's ability to attack the validity of his sentences to cure jurisdictional errors and errors which rose to the level of a constitutional violation.  United States v. Timmreck, 441 U.S. 780, 783-84 (1979).

The decision whether to hold a hearing when a prisoner moves to vacate a judgment under § 2255 is left to the sound discretion of the district court.  Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).  In general, if a petitioner raises an issue of material fact, a district court must afford a hearing in order to determine the truth of the prisoner's allegations.  Essig, 10 F.3d at 976.  However, a petitioner is not entitled to a hearing if the allegations set forth are contradicted conclusively by the record or if the allegations are patently frivolous.  Solis v. United States, 252 F.3d 289, 295 (3d Cir. 2001).

### III.    DISCUSSION

#### A.    El Amin's claim that plea counsel was ineffective

El Amin contends that the quality of representation provided by Attorney Bickley (hereinafter "plea counsel") fell below that which the Constitution requires; specifically, El Amin asserts that plea counsel had a conflict of interest and was, therefore, biased.  (Doc. No. 69, at 5.)  The Sixth Amendment to the United States Constitution guarantees that an individual

accused of a criminal act will be afforded effective assistance of counsel, and that assistance must be conflict-free.  United States v. Gambino, 864 F.2d 1064, 1069 (3d Cir. 1988). Ineffective assistance of counsel can be "presumed when counsel is burdened by an actual conflict of interest."  Government of Virgin Islands v. Zepp, 748 F.2d 125, 132 (3d Cir. 1984) (quoting Strickland v. Washington, 466 U.S. 668 (1984)).  An actual conflict of interest arises when the interests of the accused diverge from the interests of the attorney.  Gambino, 864 F. 2d at 1070.  Cases where an actual conflict is present most commonly are where one attorney represents multiple clients with opposing interests.  Id.  Where the accused can only establish a potential conflict of interest, then prejudice must be proved.  Hess v. Mazurkiewicz, 135 F.3d 905, 910 (3d Cir. 1998).

In his motion, El Amin contends that plea counsel operated under a conflict of interest essentially by joining forces with the Government to obtain a conviction.  Other than this bald assertion, El Amin fails to outline any reason whatsoever why or when plea counsel's interests diverged from his own.  Nothing in the record hints at plea counsel abandoning his duty of loyalty to El Amin.  Although El Amin suspects that plea counsel was conflicted, he has introduced no evidence to support this belief, and the Court finds that plea counsel was not operating under an actual conflict of interest.[1]  Insofar as El Amin suggests that plea counsel was ineffective for misadvising him as to the consequences of his plea and plea agreement, this argument likewise must fail.

---

[1] Indeed, the Court notes that the plea agreement negotiated by plea counsel—while not exactly what El Amin had hoped for—substantially limited El Amin's likely prison exposure. With the plea agreement, El Amin's advisory guidelines range was 188-235 months; without it, had he been convicted on all counts, the range would have been 262-327 months.  (Doc. No. 64, at 20; Doc. No. 65, at 4.)

El Amin cannot demonstrate that he suffered prejudice as a result of any potential conflict of or misadvice by plea counsel.  The plea agreement was clear and unambiguous about the mandatory minimum El Amin was facing, and this information was likewise communicated to him by the Court.  When plea counsel was removed as counsel at El Amin's request, El Amin was afforded an opportunity to withdraw his guilty plea.  Nevertheless, even after new counsel was appointed and his request for "specific performance" of the plea agreement was rejected, El Amin chose to stand by the plea agreement that plea counsel had negotiated on his behalf.  Under these circumstances, any potential prejudice was cured by the Court's clear plea colloquy and subsequent conversations with El Amin; by the Court's invitation to El Amin (on more than one occasion) to withdraw his plea; and by El Amin's decision to proceed with the plea and plea agreement with full knowledge of the consequences of that decision.

      **B.**      **El Amin's claim that sentencing counsel was ineffective**

            *1.*      *Advice relating to guilty plea*

El Amin argues that Attorney Thorton (hereinafter "sentencing counsel") was ineffective for failing to properly advise him about the consequences of not withdrawing his guilty plea and for misjudging his likelihood of success on appeal.[2]  (Doc. No. 69, at 6a.)  A defendant claiming this type of ineffective assistance of counsel needs to first show that counsel acted unreasonably, and second to show that the unreasonableness prejudiced the disposition of the case.  Strickland

---

[2] El Amin also contends that sentencing counsel incorrectly informed him that withdrawal of the plea would waive his specific performance argument.  Generally, when a criminal defendant deliberately chooses not to pursue a particular issue, it will be considered waived for appellate review purposes.  Government of Virgin Islands v. Rosa, 399 F.3d 283, 291 (3d Cir. 2005).  Thus, sentencing counsel's explanation would not be "misadvice" as El Amin characterizes it.

5

v. Washington, 466 U.S. 668, 687 (1984).  Counsel will generally be presumed to be ineffective if a defendant can show that, but for counsel's advice regarding a guilty plea, defendant would probably have gone to trial.  Tome v. Stickman, 167 F. App'x 320, 323 (3d Cir. 2006).

In this case, sentencing counsel zealously advanced the argument before this Court that the ten-year maximum in § 924(a) should apply to El Amin's conviction of violating 18 U.S.C. § 922(g).  This argument, which El Amin continues to advance, is misplaced.  This Court previously rejected El Amin's motion for "specific performance" of the plea agreement (Doc. No. 68-3, at 10) and invited him to withdraw his plea.  The Third Circuit likewise found his claim that he should receive only ten years to be meritless, stating that "the circumstances surrounding the [plea] agreement's formation confirm that the parties agreed to [§ 924(e)'s] application." (Doc. No. 68-3, at 5) (noting the plea agreement provision unambiguously provided a fifteen-year minimum and the information filed by the government alleging the prior felonies on the same day the parties entered the agreement).

Moreover, it bears noting that, contrary to El Amin's contention, § 922(g) itself sets forth no sentencing ranges.  Rather, it is § 924—primarily subsections (a)(2) and (e)(1)—that prescribe the penalties for violations of § 922(g).  In most cases (as El Amin argues), the maximum penalty for violating § 922(g) is ten years, see 18 U.S.C. § 924(a)(2); however, a person with three or more predicate convictions faces an enhanced fifteen-year minimum due to his status as an armed career criminal offender, see id. § 924(e).  Section 924(e)—not § 924(a)(2)—is the penalty section applicable to El Amin because of his extensive criminal history.  See United States v. Mack, 229 F.3d 226 (3d Cir. 2000) (holding the Armed Career Criminal Act is a sentence enhancement statue and does not create a separate offense).

Even accepting as true that sentencing counsel erroneously predicted El Amin's likelihood of success on appeal, the Court is not convinced that El Amin suffered any prejudice. Initially, El Amin chose to stand by his plea and plea agreement even after being informed—repeatedly—about the serious consequences of this decision.  The circumstances surrounding El Amin's choice to proceed with the agreement do not suggest that El Amin would have opted to go to trial but for sentencing counsel's advice.  Additionally, even if El Amin would have withdrawn his plea and exercised his trial rights, it is highly unlikely that the outcome would have been different.  El Amin has never asserted that he is innocent of illegally possessing a firearm or that he should not be classified as an armed career criminal offender. Moreover, the Government's evidence against him was overwhelming: El Amin provided law enforcement authorities with a key to a locked closet in his home in which he stored his drugs and the firearm.  Additional quantities of drugs and two other firearms were located in El Amin's residence.  El Amin also confessed to the arresting officer that he sold the drugs in the closet to make money.  Under these circumstances, El Amin cannot credibly assert that he was prejudiced by not withdrawing his guilty plea.

### 2. *Failure to argue that the gun had not traveled in interstate commerce*

El Amin claims that his conviction must be overturned because this Court lacks subject-matter jurisdiction due to the fact that his conduct did not violate the Commerce Clause in Article I § 8 of the United States Constitution.  (Doc. No. 69, at 8.)  This argument has been settled—and squarely rejected—by the Third Circuit in analogous situations.  United States v. Leuschen, 395 F.3d 155, 161 (3d Cir. 2005) ("[E]vidence that [defendant's] firearms were all manufactured outside Pennsylvania provides the requisite nexus to, and proof that the firearms

traveled in, interstate commerce."). Although El Amin is correct that in 2000 the United States Supreme Court examined a series of cases which ultimately limited Congress's regulatory power, see United States v. Morrison, 529 U.S. 598 (2000); Jones v. United States, 529 U.S. 848 (2000); see also United States v. Singletary, 268 F.3d 196 (3d Cir. 2001), El Amin is incorrect that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him: Where a felon is found in possession of a firearm which was not manufactured in the state in which it was found, he is in violation of 18 U.S.C. § 922(g)(1), United States v. Leuschen, 395 F.3d 155 (3d Cir. 2005). No guns are currently manufactured in Pennsylvania. (Doc. No. 48, at 7.) Therefore, El Amin's sentencing counsel was not ineffective for failing to raise a meritless issue on appeal.

## IV.   CONCLUSION

Even were El Amin able to show that plea and sentencing attorneys' representation fell below the level of that constitutionally required—which he cannot—El Amin has not demonstrated that he was prejudiced by any purported shortcoming. The Court's thorough plea colloquy and invitations to El Amin to withdraw his plea (and El Amin's decisions to continue with the agreement notwithstanding being informed of the consequences) remedied any potential prejudice at the plea and sentencing phases of his case. Additionally, counsel's decision not to raise a meritless issue on appeal does not amount to ineffective assistance. Accordingly, El Amin's motion to vacate, set aside, or correct sentence pursuant to § 2255 will be denied.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Criminal No. 1:05-CR-67** |
| **v.** : | |
| : | **(Chief Judge Kane)** |
| **MOHAMMED EL AMIN,** : | |
| Petitioner : | |
| : | |

## ORDER

**AND NOW**, this 17th day of September, 2008, upon consideration of Mohammed El Amin's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. No. 69), and for the reasons set forth in the accompanying memorandum, **IT IS HEREBY ORDERED** that El Amin's motion (Doc. No. 69) is **DENIED**.

                                                  s/ Yvette Kane
                                                  Yvette Kane, Chief Judge
                                                  United States District Court
                                                  Middle District of Pennsylvania