IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOHAMMED EL AMIN, | : | |
|    Petitioner | : | No. 1:05-cr-67 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|    Respondent | : | |

## MEMORANDUM

Before the Court is Petitioner Mohammed El Amin's Motion to Correct Sentence Under 28 U.S.C. § 2255. (Doc. No. 94.) For the reasons that follow, the Court will grant Petitioner's motion.

### I. BACKGROUND

On June 1, 2005, Petitioner pled guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g), in accordance with a plea agreement. (Doc. No. 35.) Petitioner was sentenced pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e), (the "ACCA"), which dictated a mandatory minimum term of incarceration of 15 years because he had previously been convicted of three serious drug offenses or violent felonies. 18 U.S.C. § 924(e). Prior to his plea, the Government filed an "Information Charging Prior Felony Conviction" listing six prior convictions for: (1) aggravated assault in Dauphin County; (2) possession with intent to deliver a controlled substance in Dauphin County; (3) criminal attempt (burglary) in Philadelphia County; (4) burglary in Philadelphia County; (5) burglary in Philadelphia County; and (6) burglary in Florida. (Doc. No. 30.)

As a result of the Court's application of the ACCA to Petitioner, the Court determined that Petitioner was subject to a guidelines range of 188 to 235 months based on an offense level

of 31 and a criminal history category of VI. (PSR ¶ 67.) The Court sentenced Petitioner to 220 months. (Doc. No. 57.) Petitioner appealed his sentence, and the Third Circuit affirmed the Court's decision on October 15, 2006. (Doc. Nos. 58, 67.)

On June 24, 2016, Petitioner filed the instant Motion to Correct Sentence Under 28 U.S.C. § 2255. (Doc. No. 94.) The basis for Petitioner's motion is his argument that pursuant to the United States Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015),[1] none of his prior convictions for non-serious drug offenses relied on by the Government at the time of sentencing now qualify as violent felonies, and therefore, his October 31, 2005 sentence pursuant to the ACCA is unconstitutional.[2] On September 27, 2016, the Court issued an Order directing the United States to respond to Petitioner's motion. (Doc. No. 100.) The United States filed its Brief in Opposition to Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255 on October 17, 2016. (Doc. No. 102.) Petitioner submitted his reply brief on November 1, 2016. (Doc. No. 104.)

On February 12, 2017, Petitioner filed a Motion for Bond Pending Habeas Proceedings (Doc. No. 105), with supporting brief (Doc. No. 106). After receiving an extension of time to respond, the Government filed a brief in opposition to Petitioner's motion on March 7, 2017. (Doc. No. 108.) Petitioner filed his reply brief in support of his motion on March 14, 2017.

---

[1] On April 18, 2016, the Supreme Court held that Johnson is a new substantive rule that is retroactive to cases on collateral review. Welch v. United States, 136 S. Ct. 1257 (2016).

[2] Because Petitioner had previously sought relief pursuant to 28 U.S.C. § 2255, Petitioner submitted an application pursuant to 28 U.S.C. §§ 2244 and 2255 to the Third Circuit Court of Appeals for permission to file a second or successive motion under § 2255 to raise the Johnson claim. (Doc. No. 94 at 3 n.3.) On August 12, 2016, the Third Circuit issued an order granting Petitioner permission to file the instant motion. (Doc. No. 98.)

(Doc. No. 110.) On May 15, 2017, the Court issued an Order directing the Government to show cause why Petitioner's motion to vacate should not be granted in light of the recent decisions of the Third Circuit Court of Appeals in United States v. Steiner, 847 F.3d 103 (3d Cir. 2017) (holding Pennsylvania burglary statute not divisible and prior conviction under that statute not a crime of violence), and the Eleventh Circuit Court of Appeals in United States v. Espirit, 841 F.3d 1235 (11th Cir. 2016) (holding Florida burglary statute not divisible and not capable of serving as an ACCA predicate under the enumerated offenses clause). (Doc. No. 113.) The Government filed a brief in response to the Court's Order on June 2, 2017 (Doc. No. 114), and Petitioner filed his reply on June 6, 2017 (Doc. No. 115). On September 8, 2017, Petitioner filed a Motion for Hearing on Motion for Release on Bond (Doc. No. 116), which the Government opposes. Having considered the parties' additional briefing, Petitioner's Motion to Correct Sentence is ripe for disposition.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2255, a federal prisoner may move to vacate, set aside, or correct his sentence on the basis "that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). If a prisoner is entitled to relief under Section 2255(a), "the court shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

As noted above, the basis for Petitioner's motion is his argument that pursuant to the Supreme Court's decision in Johnson, none of his prior convictions for non-serious drug offenses relied on by the Government at the time of sentencing now qualify as violent felonies, and therefore, his October 31, 2005 sentence pursuant to the ACCA is unconstitutional.[3]  A previous adult conviction qualifies as a "violent felony" under the ACCA when it is punishable by imprisonment for more than one year and "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another [force clause];  (ii) is burglary, arson, or extortion, involves use of explosives [enumerated offenses]" or "otherwise involves conduct that presents a serious potential risk of physical injury to another [residual clause]."  18 U.S.C. § 924(e)(2)(B).  The Supreme Court in Johnson found the "residual clause" unconstitutionally vague; accordingly, that clause no longer serves as a legal basis for a finding that Petitioner has been convicted of a violent felony.  135 S.Ct. at 2557.  Rather, under Johnson, to qualify as violent felonies under the ACCA, Petitioner's prior convictions must either fall within the "force" clause, or constitute an "enumerated offense."  Before addressing the merits of Petitioner's argument, the Court first turns to the Government's argument that Petitioner has procedurally defaulted his ACCA claims.

---

[3] A motion to vacate, set aside or correct a sentence is subject to a one-year limitations period.  28 U.S.C. § 2255(f).  The one-year limitations period runs from the latest of (1) the date judgment became final; (2) the date on which the government created impediment to filing the motion was removed; (3) the date the Supreme Court initially recognized the right asserted and made it retroactive to cases on collateral review; or (4) the date the petitioner, through the exercise of due diligence, would have discovered the facts supporting the claim.  28 U.S.C. § 2255(f)(1)-(4).  The Supreme Court decided Johnson on June 26, 2015, and on April 18, 2016, recognized that Johnson announced a new substantive rule with retroactive effect to cases on collateral review.  As Petitioner filed his motion on June 24, 2016, his motion is timely.

### A. Procedural Default

The Government argues that Petitioner has procedurally defaulted his claims under the ACCA because the issues raised in this motion were previously available to him, yet he failed to pursue them on direct appeal. (Doc. No. 102 at 38-39.) Further, the Government maintains that Petitioner cannot demonstrate "cause" and "prejudice" excusing his procedural default. (Id. at 39.) A defendant who fails to raise a claim on direct review "procedurally defaults" that claim for purposes of collateral review. United States v. Bousley, 523 U.S. 614, 622 (1998). Procedural default can be overcome by demonstrating cause for the default and resulting prejudice to the Petitioner. United States v. Doe, 810 F.3d 132, 153 (3d Cir. 2015). Petitioner argues that the cause prong is satisfied here "because a unanimous body of Supreme Court and Circuit precedent foreclosed [Petitioner's] challenge to his armed career criminal classification under the residual clause," and that the prejudice prong is satisfied because Petitioner was sentenced to more than the statutory maximum term for a violation of 18 U.S.C. § 922(g) in the absence of the application of the ACCA. (Doc. No. 104 at 21.)

The Court agrees with Petitioner. Under the circumstances present here, Petitioner has demonstrated cause and prejudice sufficient to overcome his procedural default of his ACCA claims. See United States v. Mitchell, 218 F. Supp. 3d 360, 367-68 (M.D. Pa. 2016) (finding cause and prejudice to excuse a procedural default for an ACCA petitioner who raised a Johnson claim); United States v. Harris, 205 F.3d 651, 658 (M.D. Pa. 2016) (finding that ACCA petitioner had cause for his procedural default of his Johnson claim where a vagueness challenge was not reasonably available to him at the time of his sentencing in 2006); see also United States v. Doe, 810 F.3d 132, 153 (3d Cir. 2015) (holding that cause existed excusing procedural default

5

of challenge based on Begay v. United States, 533 U.S. 137 (2008) to career offender sentence because "legal basis for claim was not reasonably available to counsel" before Begay). Accordingly, the Court will address the merits of Petitioner's motion.

**B.     The Merits**

Petitioner argues that his prior convictions for aggravated assault in Pennsylvania, criminal attempt (burglary) in Pennsylvania, burglary in Pennsylvania, and burglary in Florida do not qualify as predicate offenses under the ACCA after Johnson, as they do not satisfy the force clause and are not enumerated offenses. (Doc. No. 94 at 5-18.) Petitioner does not contest that he has one qualifying conviction under the ACCA; namely, his conviction for possession with intent to deliver a controlled substance in Dauphin County. (Id. at 2.) However, Petitioner argues that without three qualifying predicate convictions, he no longer qualifies for sentencing under the ACCA, entitling him to relief under 28 U.S.C. § 2255.

**1.     Pennsylvania and Florida Burglary Convictions**

Recent post-Johnson decisions have established, and the Government concedes,[4] that at least three of Petitioner's five prior convictions for non-serious drug offenses relied on by the Government at the time of sentencing – Petitioner's two convictions under Pennsylvania's burglary statute, and his one conviction under Florida's burglary statute – do not constitute violent felonies within the meaning of the force or enumerated clauses of the ACCA. See Steiner, 847 F.3d at 120 (holding that conviction under Pennsylvania burglary statute is not

---

[4] In its Response to the Court's Order to Show Cause, the Government admits that Petitioner's Pennsylvania burglary convictions "no longer qualify as 'violent felonies' for ACCA purposes," and that his Florida burglary conviction "no longer qualifies as a 'violent felony' for ACCA purposes." (Doc. No. 114 at 3-4.)

6

predicate 'crime of violence' for purposes of the United States Sentencing Guidelines § 4B1.2); Espirit, 841 F.3d at 1241 (holding that conviction under Florida burglary statute cannot serve as a predicate 'violent felony' under the ACCA).

### 2. Pennsylvania Criminal Attempt (Burglary)

As to Petitioner's criminal attempt (burglary) conviction, the Supreme Court found in James v. United States, 550 U.S. 192 (2007), that attempted burglary was not an enumerated offense under the ACCA but qualified as a violent felony under the residual clause. While Johnson expressly overruled James, it did so based on the Court's failure in James to find the residual clause unconstitutionally vague. After James, the Third Circuit held that attempted burglary under Pennsylvania law qualified as a violent felony under the residual clause. See United States v. Harvey, 305 F. App'x 859, 864 (3d Cir. 2008) (not precedential). The Court agrees with Petitioner that following Johnson's elimination of the residual clause, attempted burglary under Pennsylvania law is no longer a violent felony.

### 3. Pennsylvania Aggravated Assault

As to Petitioner's 1978 aggravated assault conviction, Petitioner argues that in the absence of the residual clause, his conviction under Pennsylvania's aggravated assault statute does not qualify as a violent felony under either the enumerated clause (as it is not one of those listed) or the force clause. (Doc. No. 94 at 7.) In 1978, Pennsylvania's aggravated assault statute contained six subsections, permitting the Government to prove the crime in one of six ways. The statute provided:

A person is guilty of aggravated assault if he:

(1) attempts to cause serious bodily injury to another, or causes such injury intentionally, knowingly or recklessly under circumstances manifesting extreme

7

indifference to the value of human life;

(2) attempts to cause or intentionally, knowingly or recklessly causes serious bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c) or to any employee of an agency, company or other entity engaged in public transportation, while in the performance of duty;

(3) attempts to cause or intentionally or knowingly causes bodily injury to any of the officers, agents, employees or other persons enumerated in subsection (c), in the performance of duty;

(4) attempts to cause or intentionally or knowingly causes bodily injury to another with a deadly weapon;

(5) attempts to cause or intentionally or knowingly causes bodily injury to a teaching staff member, school board member or other employee, including [various school employees] . . .; or

(6) attempts by physical menace to put any of the officers, agents, employees or other persons enumerated in subsection (c), while in the performance of duty, in fear of imminent serious bodily injury.

18 Pa. C.S. § 2702(a) (effective to January 5, 2003).[5]

Both parties agree that Pennsylvania aggravated assault is a divisible statute, subject to an analysis under the modified categorical approach to determine under which version Petitioner was convicted, assuming that at least one divisible set of elements is a violent felony in all instances.[6] (Doc. No. 94 at 8; Doc. No. 102 at 20.) The modified categorical approach is used to assist the Court in determining "from among several alternatives, the crime of conviction so that the court can compare it to the" ACCA offense. Descamps, 133 S. Ct. at 2285. The Government

---

[5]The statute has been subject to multiple amendments and currently there are nine subsections. 18 Pa. C.S. § 2702(a) (effective January 1, 2014).

[6] See United States v. Brown, 765 F.3d 185, 190-91 (3d Cir. 2014) (stating that the modified categorical approach is appropriate "only when at least one, but not all of the separate versions of the offense is, by its elements, a predicate offense") (citing Descamps v. United States, 133 S. Ct. 2276, 2285 (2013)).

8

has submitted Shepard documents[7] indicating that Petitioner was convicted under two different subsections of Pennsylvania's aggravated assault statute, 18 Pa. C. S. § 2702(a)(1) and § 2702(a)(3). (Doc. No. 102-1.) The Government correctly notes that since both crimes occurred on the same occasion, either can potentially qualify as one predicate violent felony under the force clause. 18 U.S.C. § 924(e)(1).

The Court is persuaded that at least one of Petitioner's Section 2702(a) convictions constitutes a violent felony for purposes of the ACCA. At the outset, the Court notes that Shepard documents submitted by the Government indicate Petitioner was convicted under Section 2702(a)(3), which is described in the Information as charging him with "intentionally or knowingly caus[ing] or attempt[ing] to cause bodily injury to another with a deadly weapon." (Doc. No. 102-1 at 1.) Petitioner clarifies in a footnote in his Reply to Government's Brief in Response to Rule to Show Cause, however, that the language contained in the charging document corresponds with the language of Section 2702(a)(4), not (a)(3), as it did in 1978. (Doc. No. 115 at 3 n. 1.) See Commwealth v. Valentin, 393 A.2d 935, 936 n. 1 (Pa. Super. 1978). Despite the charging document's reference to subsection (a)(3) and the Government's reference to subsection (a)(3) in its briefing, as Petitioner correctly notes, the language of the charging document and the facts contained in the Shepard documents submitted by the Government clearly correspond to a violation of subsection 2702(a)(4), not (a)(3).

---

[7] When a court's analysis involves a divisible statute, the court may look at documents "beyond the face of the statute [consisting of] the 'charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented' to determine which of the alternative elements was involved in the defendant's conviction." United States v. Abbott, 748 F.3d 154, 158 (3d Cir. 2014) (quoting Shepard v. United States, 544 U.S. 13, 16 (2005)).

The Court is persuaded that a conviction pursuant to Section 2702(a)(4) qualifies as a violent felony and a predicate offense under the Sentencing Guidelines and the ACCA. United States v. Gorny, 655 F. App'x 921, 925 (3d Cir. 2016) (not precedential) (finding that the district court did not plainly err in finding a prior conviction for attempted aggravated assault with a deadly weapon in violation of 18 Pa. C.S. § 2702(a)(4) to be a crime of violence under the force clause of the career offender provision of the Sentencing Guidelines); see United States v. Bailey, No. 04-cr-24, 2017 WL 2720281, at *2-3 (W.D. Pa. June 23, 2017), appeal docketed, No. 17-2785 (3d Cir. Aug. 18, 2017) (following Gorny and finding Section 2702(a)(4) conviction to be an ACCA predicate under the force clause); United States v. Toomer, No. 01-cr-573, 2017 WL 1508842, at *3 (E.D. Pa. Apr. 27, 2017) (same); United States v. Barfield, No. 09-cr-93, 2017 WL 771253, at *4 (W.D. Pa. Feb. 28, 2017), appeal docketed, No. 17-1896 (3d Cir. Apr. 20, 2017) (following Gorny and finding Section 2702(a)(4) conviction to be a crime of violence under the force clause of the career offender provision of the Sentencing Guidelines); United States v. Peppers, No. 00-cr-336, 2016 WL 7104291, at *1 (M.D. Pa. Dec. 6, 2016) (following Gorny and finding Section 2702(a)(4) conviction to be an ACCA predicate under the force clause).

As it relates to the parties' dispute as to whether a conviction under Section 2702(a)(1) can constitute a violent felony for purposes of the ACCA, there is precedent on both sides of this issue from district courts in this Circuit. The majority of courts to have considered the issue have held that aggravated assault under Section 2702(a)(1) is not a violent felony under the ACCA because it criminalizes reckless conduct and can be committed by an act of omission. See Harris, 205 F. Supp. 3d at 671-72; United States v. Fisher, No. 01-cr-769, 2017 WL

1426049, at *7 (E.D. Pa. Apr. 21, 2017); United States v. Weygandt, No. 09-cr-24, 2017 WL 818844, at *2 (W.D. Pa. Mar. 2, 2017), appeal docketed, No. 17-2501 (3d Cir. July 11, 2017); but see Peppers, 2016 WL 7104291, at *2 (holding that Section 2702(a)(1) conviction fits under the force clause and qualifies as a predicate offense under the ACCA); United States v. Mayo, No. 00-cr-336, 2016 WL 696259, at *2 (M.D. Pa. Nov. 29, 2016) (finding that aggravated assault conviction under Section 2702(a)(1) fits under ACCA force clause). However, the Court need not resolve the parties' dispute as to whether a conviction under Section 2702(a)(1) can constitute a violent felony for purposes of the ACCA here, as it finds that Petitioner's other conviction under Section 2702(a) constitutes a violent felony. Accordingly, of the six prior felony convictions relied on by the Government to support Petitioner's sentence under the ACCA, after Johnson, only two – possession with intent to deliver a controlled substance and aggravated assault – constitute valid predicate offenses for purposes of the ACCA.

In its brief in opposition to Petitioner's motion, and in an attempt to identify another qualifying predicate offense justifying Petitioner's sentencing under the ACCA, the Government points to two additional prior convictions that it maintains can serve as a basis for Petitioner's ACCA sentencing enhancement: a prior conviction in New Jersey for aggravated assault; and a Pennsylvania conviction for escape.[8] With regard to the New Jersey conviction for aggravated assault, the Government admits in later briefing, after a review of state court documents concerning this conviction, that Petitioner's conviction was for resisting arrest and not

---

[8] Prior convictions for aggravated assault in New Jersey and escape in Pennsylvania were disclosed in Petitioner's presentence report but were not identified as prior violent felonies for ACCA purposes.

aggravated assault, and therefore concedes that "this New Jersey conviction does not qualify as a violent felony." (Doc. No. 114 at 4.)

### 4. Pennsylvania Escape

As to the escape conviction, in his reply brief, Petitioner maintains that Pennsylvania escape does not qualify as a violent felony. The presentence report identified Petitioner's conviction for escape in Allegheny County in 1985. (PSR ¶ 32.) The relevant statute at that time provided:

> A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period.

18 Pa. C.S § 5121(a) (statute in effect from June 6, 1973, to November 25, 2014). The offense was a second degree misdemeanor, but became a felony of the third degree where:

> (i) the actor was under arrest for or detained on a charge of felony or following conviction of crime;
>
> (ii) the actor employs force, threat, deadly weapon or other dangerous instrumentality to effect the escape; or
>
> (iii) a public servant concerned in detention of persons convicted of crime intentionally facilitates or permits an escape from a detention facility.

18 Pa. C.S. § 5121(d)(1).

The Third Circuit previously held that Pennsylvania escape qualified as a violent felony under the residual clause. See United States v. Luster, 305 F.3d 199, 202 (3d Cir. 2002) (finding that escape is a "crime of violence" under a sentencing guideline residual clause similar to that found in the ACCA).[9] In the absence of the residual clause, Petitioner argues that escape does

---

[9] "[T]he definition of a violent felony under the ACCA is sufficiently similar to the definition of a crime of violence under the Sentencing Guidelines that authority interpreting one

12

not qualify as a violent felony under either the enumerated offenses clause (as it is not one of those listed), or the force clause.

Both parties agree that the Third Circuit has recognized that Pennsylvania escape is a divisible statute, listing multiple alternative elements and effectively creating several different crimes. (Doc. Nos. 102 at 37, 104 at 12-13.) United States v. Ford, 363 F. App'x 903 (3d Cir. 2010) (not precedential). Accordingly, the modified categorical approach applies to an analysis of whether a conviction under that statute qualifies as a predicate ACCA offense. Abbott, 748 F.3d at 158. As noted above, such an approach is used to assist the Court in determining "from among several alternatives, the crime of conviction so that the court can compare it to the" ACCA offense. Descamps, 133 S. Ct. at 2285.

Petitioner argues that escape does not qualify as a violent felony under the force clause because no subsection of that statute "has as an element the use, attempted use or threatened use of physical force against the person of another." (Doc. No. 104 at 13.) The Government argues that subsection 5121(d)(1)(ii), which provides that "[t]he actor employs force, threat, deadly weapon or other dangerous instrumentality to effect the escape," is a violent felony if a defendant has threatened or employed force, and maintains that the presentence report provides facts that suggest Petitioner could have been convicted of this provision. (Doc. No. 102 at 37-38.)             Further, the Government argues that it is Petitioner's burden to produce Shepard documents and demonstrate that this conviction does not qualify as a violent felony. (Id.) In response, Petitioner maintains that it is the Government's burden to produce Shepard documents,

---

is generally applied to the other. . . ." United States v. Hopkins, 577 F.3d 507, 511 (3d Cir. 2009).

and that when the record is not clear due to the Government's failure to produce Shepard documents, the Court must assume that the conviction rested upon the least of the acts in the statute. (Doc. No. 104 at 14.) In support, Petitioner cites Johnson v. United States, 559 U.S. 133, 137 (2010) and Moncrieffe v. Holder, 133 S. Ct. 1678, 1684 (2013). Pursuant to those cases, Petitioner argues that the least of the acts criminalized in the escape statute – failing to return to official detention following temporary leave – contains no reference to the use of force and therefore cannot be considered a violent felony for ACCA purposes. (Doc. No. 104 at 14.)

Upon review of the relevant authorities, and assuming, arguendo, that Pennsylvania escape is a statute where at least one divisible set of elements constitutes a violent felony,[10] the Court is persuaded by Petitioner's arguments that: (1) it is the Government's burden to produce Shepard documents, as it is the Government's burden to establish a defendant's ACCA status at sentencing, see Harris, 205 F. Supp. 3d at 662, 662 n.10; and (2) in the absence of Shepard documents revealing which subsection of Pennsylvania's escape statute Petitioner was convicted under, the Court must assume the conviction rested upon the least of the acts in the statute, see Johnson, 559 U.S. at 137. Therefore, the Court agrees with Petitioner that on the record before it, Petitioner's Pennsylvania escape conviction is not a violent felony for purposes of the ACCA.

Accordingly, the Court finds that of Petitioner's prior convictions for non-serious drug offenses, only Petitioner's conviction for aggravated assault in Dauphin County qualifies as a "violent felony" sufficient to serve as a second predicate offense for his ACCA sentencing enhancement. Therefore, Petitioner has only two, not three, predicate offenses under the ACCA, and is entitled to relief under 28 U.S.C. § 2255(a).

---

[10] See Brown, 765 F.3d at 190-91.

## IV.    CONCLUSION

Based upon the foregoing, the Court will grant Petitioner's Motion to Correct Sentence Under 28 U.S.C. § 2255.  Petitioner's Motion for Hearing on Motion for Release on Bond will be granted, and the matter will be referred to Magistrate Judge Carlson for a hearing on Petitioner's Motion for Release on Bond.  An appropriate Order follows.


     s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania